# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 05/11/2021 01:29 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk
21STCV17693
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Daniel Crowley

1  PANISH SHEA & BOYLE LLP
   BRIAN J. PANISH, State Bar No. 116060
2    *panish@psblaw.com*
   KEVIN R. BOYLE, State Bar No. 192718
3    *boyle@psblaw.com*
   SPENCER R. LUCAS, State Bar No. 232498
4    *lucas@psblaw.com*
   MARGUERITE S. SANVICTORES, State Bar No. 299452
5    *sanvictores@psblaw.com*
   11111 Santa Monica Boulevard, Suite 700
6  Los Angeles, California 90025
   Telephone: 310.477.1700
7  Facsimile: 310.477.1699

8  Attorneys for PLAINTIFFS

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                       **COUNTY OF LOS ANGELES**

11

12 JOHN JAMES ALTOBELLI, an individual | Case No. 21STCV17693
   and as Successor in Interest to ALYSSA
13 ALTOBELLI and JOHN ALTOBELLI; and | **COMPLAINT FOR:**
   ALEXIS ALTOBELLI, an individual and as
14 Successor in Interest to ALYSSA | **1. VIOLATION OF FOURTEENTH**
   ALTOBELLI, JOHN ALTOBELLI and KERI |     **AMENDMENT**
15 ALTOBELLI; |     **(42 U.S.C. § 1983)**
   ,
16 | **2. VIOLATION OF FOURTEENTH**
   |     **AMENDMENT**
17           Plaintiffs, |     **(42 U.S.C. § 1983 –** *Monell***)**

18        v. | **3. NEGLIGENCE**
   |     **(Gov. Code §§ 815.2, 820 et seq.)**
19 COUNTY OF LOS ANGELES, a public
   entity; LOS ANGELES COUNTY | **4. INVASION OF PRIVACY**
20 SHERIFF'S DEPARTMENT, a public entity,
   ALEX VILLANUEVA, as Sheriff of the | **5. INTENTIONAL INFLICTION OF**
21 County of Los Angeles and as an individual; |     **EMOTIONAL DISTRESS**
   LOS ANGELES COUNTY FIRE
22 DEPARTMENT, a public entity; and DOES 1- | **DEMAND FOR JURY TRIAL**
   100, Inclusive,
23
24          Defendants.

25
26     COMES NOW Plaintiffs JOHN JAMES ALTOBELLI, individually and as Successor in
27 Interest to ALEXIS ALTOBELLI and JOHN ALTOBELLI; and ALEXIS ALTOBELLI,
28 individually and as Successor in Interest to ALEXIS ALTOBELLI, KERI ALTOBELLI and

---

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

JOHN ALTOBELLI (together "Altobelli Plaintiffs") for causes of actions against Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, ALEX VILLANUEVA, as an individual and as Sheriff of the County of Los Angles; LOS ANGELES FIRE DEPARTMENT, a public entity; and DOES 1-100, Inclusive, and each of them, complain and allege as follows:

**GENERAL ALLEGATIONS**

1. The claims set forth herein arise from the January 26, 2020 fatal helicopter crash in the foothills of the Santa Monica mountains in Calabasas, California, wherein unauthorized photographs of human remains were taken, shared and disseminated by Los Angeles County Sheriff's Department deputies and Los Angeles County Fire Department firefighters for personal, non-law-enforcement purposes, including but not limited to, Sheriff deputies Joey Cruz, Rafael Mejia, Michael Russell, and Raul Versales, and firefighters Captain Arlin Kahan, Captain Tony Imbrenda and Captain Brian Jordan.

2. The crash took the lives of nine persons, including Plaintiffs' sister, mother and father, Alyssa Altobelli, Keri Altobelli and John Altobelli, as well as passengers Christina Mauser, Sarah Chester, Payton Chester, Kobe Bryant and Gianna Bryant, and pilot Ara Zobayan. The decedents Alyssa Altobelli, Keri Altobelli and John Altobelli at the time of their deaths on January 26, 2020, were the sister, mother and father of Plaintiffs Alexis Altobelli and John James Altobelli.

3. Alyssa Altobelli, Keri Altobelli and James Altobelli were among nine people who planned to fly by helicopter from their home in Orange County to a basketball tournament in Thousand Oaks. During their flight, the helicopter was surrounded by a dense fog which caused the pilot, Ara Zobayan, to lose control. The helicopter crashed into the foothills of the Santa Monica mountains, killing all eight passengers and the pilot, Ara Zobayan.

4. The remains and personal effects of the deceased were scattered across a wilderness area located northeast of Las Virgenes Road and Willow Glen Street in Calabasas, California. The crash occurred within the territorial jurisdiction of Los Angeles County, giving the Los Angeles County Sheriff Department both the authority and the duty to secure the accident scene.

Preservation of that security was essential to protect the dignity of those who had perished and limit the mental and emotional suffering of loved ones they had left behind. The Los Angeles County Sheriff, Alex Villanueva, even reassured the loved ones of those who had perished that every possible measure would be taken to preserve and protect the scene of the crash. Defendant Los Angeles County Fire Department had both the authority and duty to suppress and eliminate the risks of fire and explosion created by the crash.

5.   Sheriff Villanueva knew, or should have known, that securing the crash scene would require the utmost care and supervision for three reasons: (1) the tragedy had generated an immediate, widespread media response; (2) the mutilated bodies of the victims were scattered across the site of the crash; (3) law enforcement personnel often take unauthorized pictures of accident victims. Sheriff Villanueva knew that this was an issue in his department, admitting that this conduct "has been a problem in law enforcement across the nation." These facts show that Sheriff Villanueva had a special duty to ensure that the scene of the crash was given the highest caliber security his department could employ.

6.   Not only did the Los Angeles County Sheriff's deputies take these abhorrent and inappropriate pictures at the scene of the accident, but they were also shown and publicized within weeks of the tragedy. Sheriff Villanueva has admitted that his deputies' conduct was "wildly inappropriate" and "disgusting." However, that conduct was created and enabled by the Sheriff Villanueva's own failure to train and supervise his deputies adequately.

7.   The Altobelli Plaintiffs are informed and believe that various members of the Los Angeles County Fire Department also photographed the remains of Alyssa Altobelli, Keri Altobelli and John Altobelli at the scene of the crash, incluudiing but not limited to, Captain Arlin Kahan, Captain Tony Imbrenda and Captain Brian Jordan  Further, these same firefighters shared, distributed and showed the photographs of the decedents in circumstances that were unrelated to any investigation of the crash.

8.   In response to the Sheriff Department and Los Angeles Fire Department's unconscionable behavior at the scene of the accident, the California State Assembly is weighing legislation that would make the deputies' misconduct a crime. (Patrick McGreevy, *Photos taken at*

*Kobe Bryant crash site should be against the law, California lawmaker says*, LA Times (May 5, 2020), *available at* https://www.latimes.com/california/story/2020-05-05/photos-kobe-bryant-crash-site-california-legislature.) The assembly man who introduced the bill explained, "[o]ur first responders, when responding to an emergency, should not be taking very sensitive photographs…for their own pleasure." (*Id.*)

9. Sheriff Villanueva has acknowledged that the possible public display of a photograph depicting the remains of a loved one "harms people [who] suffered a tragedy already." As if the tragically premature loss of their sister, mother and father mother were not enough, John James Altobelli and Alexis Altobelli now suffer severe emotional distress, humiliation, and anxiety from the realization that photographs of their sister, mother and father were wrongfully taken, shown and discussed and possibly disseminated in the future through print media, broadcast media, and internet distribution.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over all causes of actions asserted in this complaint pursuant to the California Constitutional Article VI, section 10, California Code of Civil Procedure section 410.10, because no cause of action contained herein is given by statute to other trial courts and the amount in controversy exceeds $25,000.00

11. Venue in this Court is proper pursuant to California Code of Civil Procedure sections 393, 394, and 395, because Defendants in this action are public officers and public agencies situated in Los Angeles County and, on information and belief, all of the acts or omissions complained of in this Complaint took place in Los Angeles County.

## PARTIES

12. Plaintiff JOHN JAMES ALTOBELLI is the surviving brother and son of Alyssa Altobelli and John Altobelli. Plaintiff JOHN JAMES ALTOBELLI resides within the State of California.

13. Plaintiff ALEXIS ALTOBELLI is the surviving sister and daughter of Alyssa Altobelli, Keri Altobelli and John Altobelli. Plaintiff ALEXIS ALTOBELLI resides within the State of California.

14. Defendant the COUNTY OF LOS ANGELES (hereinafter "COUNTY") is, and at all times herein mentioned was, a government entity duly organized and existing under and by virtue of the laws of the State of California and authorized to do, and is doing, business in the State of California with its principal place of business in the County of Los Angeles, State of California.

15. Defendant LOS ANGLES COUNTY SHERIFF'S DEPARTMENT (hereinafter "SHERIFF'S DEPARTMENT.") is, and at all time herein mentioned was, a local government entity created under the laws of the State of California and department of Defendant COUNTY. Upon information and belief, sheriff's deputies Joey Cruz, Rafael Mejia, Michael Russell, and Raul Versales, are, and all times mentioned herein were, employees and/or agents with Defendant SHERIFF'S DEPARTMENT.

16. Defendant ALEX VILLANUEVA (hereinafter "SHERIFF VILLANUEVA" is an individual residing within the State of California and was, at all times relevant herein, the Sheriff of Los Angeles County. SHERIFF VILLANUEVA is sued in his individual capacity and as a representative of the COUNTY.

17. Defendant LOS ANGELES FIRE DEPARTMENT ("FIRE DEPARTMENT") is a local government entity organized and existing under the laws of the State of California and a department of defendant COUNTY. The FIRE DEPARTMENT provides fire suppressions and prevention services under contract with Calabasas, California. Upon information and belief, firefighters Captain Arlin Kahan, Captain Tony Imbrenda and Captain Brian Jordan, are and/or were employees and/or agents of the Defendant FIRE DEPARTMENT.

18. Defendants COUNTY, SHERIFF'S DEPARTMENT and FIRE DEPARTMENT are "persons" subject to suit within the meaning of 42 U.S.C. § 1983. *See Monell v. New York Department of Social Services,* (1978) 436 U.S. 658, 691.

19. Pursuant to California Government Code § 815.2(a), Defendants SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY are liable for any and all wrongful acts in violation of state law hereinafter complained of and committed by their employees acting within the course and scope of their employment, including but not limited to, sheriff's deputies

Joey Cruz, Rafael Mejia, Michael Russel and Raul Versales, and firefighters Captain Arlin Kahan, Captain Tony Imbrenda and Captain Brian Jordan.

20. The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1 through 100 inclusive, are unknown to the plaintiffs who therefore sue said defendants by such fictitious names. The full extent of the facts linking such fictitiously sued defendants is unknown to plaintiffs. The plaintiffs are informed, believe and thereupon allege that each of the defendants designated herein as a DOE was and is negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and proximately caused the hereinafter described injuries and damages to the plaintiffs.

21. The "DOE Defendants" include Sheriff's Department and Fire Department personnel who (i) took or shared photos of the accident scene or the Altobelli family remains of Alyssa Altobelli, Keri Altobelli and John Altobelli; or (ii) participated in the failure to take reasonable steps to prevent dissemination of the photos that were in their constructive possession. PLAINTIFFS are informed and believe, and on that basis allege, that DOES 1 through 100, inclusive, were employees or agents of defendants SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY. PLAINTIFFS will hereafter seek leave of Court to amend this complaint to show the defendants' true names and capacities after the same have been ascertained.

22. Pursuant to the provisions of *California Government Code* §§900, *et seq.* The Mauser Plaintiffs filed written notices of claims against the County of Los Angeles, Sheriff's Department, and unknown deputies on June 24, 2020. The Altobelli Plaintiffs filed written notices of claims against the Los Angeles Fire Department and unknown Fire Department personnel on July 22, 2020. As of the date of this complaint, the Los Angeles County Sheriff's Department and Los Angeles County Fire Department have not substantively responded to the Altobelli Plaintiffs' notices of claims, nor have they provided a definitive date by which they shall respond. Pursuant to operation of law, the failure to respond to those claims within the time set by the *California Government Code* constitutes a denial of those claims.

**FIRST CAUSE OF ACTION**

**42 U.S.C. § 1983, Violation of the Fourteenth Amendment**

**(Against Defendants DOES 1 Through 100)**

23. PLAINTIFFS incorporate by reference as fully set forth herein each and every fact, claim and allegation contained in the prior paragraphs.

24. Under 42 U.S.C. § 1983, DOES 1 through 100, inclusive, and each of them, (hereinafter "DOE Defendants") are liable for destroying PLAINTIFFS' constitutional right to control the images of their deceased loved ones. *See Marsh v. City of San Diego*, 680 F. 3d 1148, 1154 (9th Cir. 2012).

25. Upon information and belief, sheriff's deputies Joey Cruz, Rafael Mejia, Michael Russell and Joey Versales "(LASD Deputies") and firefighters Captain Arlin Kahan, Captain Tony Imbrenda and Captain Brian Jordan ("LACFD Firefighters") and DOE Defendants were acting under color of state law when the photographs were taken, because they were "on duty," "in uniform," and working in the course and scope of their employment with either the SHERIFF'S DEPARTMENT, FIRE DEPARTMENT or the COUNTY while assigned to duty at the crash scene.

26. The LASD Deputies, LACFD Firefighters and DOE Defendants' act of sharing of the photographs also violated Altobelli's family's "right not to have government officials engage in unwarranted reproduction of…. death images of deceased relatives" under *Civil Code Section 129. Id.* at 1157.

27. The taking of photos of the Altobelli family members remains and/or sharing such photos with the public, the LASD deputies, LACFD Firefighters and DOE Defendants deprived, and continue to deprive, PLAINTIFFS of their right to control the physical remains and death images of their deceased parents and sibling.

28. The LASD Deputies, LACFD Firefighters and DOE Defendants knew or should have known that the taking and/or dissemination of photos of deceased Altobelli family remains of Alyssa Altobelli, Keri Altobelli and John Altobelli for personal purposes violated the law.

29. As a direct, legal and proximate result of the LASD Deputies, LACFD Firefighters

and DOE Defendants' taking and/or sharing of death images of the deceased Altobelli family members Alyssa Altobelli, Keri Altobelli and John Altobelli, PLAINTIFFS have suffered, and continue to suffer, severe emotional distress, humiliation, and anxiety, the exact amount of such damages to be stated according to proof at the time of trial.

30. The LASD Deputies, LACFD Firefighters and DOE Defendants' conduct of taking and sharing of death images of Alyssa Altobelli, Keri Altobelli and John Altobelli, was intentional, malicious, oppressive and despicable. The LASD Deputies, LACFD Firefighters and DOE Defendants intended to cause injury to PLAINTIFFS or acted with the knowledge of the probable harmful and dangerous consequences of their actions. Such conduct was undertaken purposefully, recklessly and in conscious and callous disregard of the rights of the PLAINTIFFS. Accordingly, PLAINTIFFS are entitled to punitive damages in an amount appropriate to punish the DOE Defendants and to make an example of them to the community.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Violation of the Fourteenth Amendment
### (Against SHERIFF VILLANUEVA, SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY
### Pursuant to *Monell v. New York City Dept. of Social Servs.*)

31. PLAINTIFFS incorporate by reference as fully set forth herein each and every fact, claim and allegation contained in the prior paragraphs.

32. Public entities are liable for constitutional violations when the execution of their official policy or custom deprives an individual of their constitutional rights. Additionally, a public entity is liable for constitutional violations when the entity fails to establish policies and procedures or properly train, manage, direct, supervise and/or discipline their employees, resulting in violations of constitutional rights of persons who come into contact with the public entity employees. 42 U.S.C. § 1983; *Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 690-91 (1978)*

33. PLAINTIFFS are informed and believe, and thereon allege that SHERIFF

VILLANUEVA, SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY (hereinafter "DEFENDANTS") acted with conscious disregard to the constitutional rights of the PLAINTIFFS and others similarly situated through the following conduct and omissions:

a. DEFENDANTS failed to adequately train and supervise the Sheriff's Department and Fire Department deputies and personnel entrusted with securing the helicopter crash scene;

b. DEFENDANTS failed to train and adequately supervise the Sheriff's Department and Fire Department deputies and personnel to ensure they do not take or share photographs of deceased accident victims for non-law-enforcement personal purposes;

c. DEFENDANTS failed to establish and/or enforce their own policies prohibiting unauthorized photography of accident victims;

d. DEFENDANTS failed to establish and/or enforce policies and procedures for the treatment of deceased individuals, including the taking and sharing of photographs of deceased individuals;

e. DEFENDANTS failed to properly investigate and discipline Sheriff's Department and Fire Department deputies and personnel who took and/or shared photographs of deceased individuals.

34. Given the frequency with which personnel of both the SHERIFF'S DEPARTMENT and FIRE DEPARTMENT work at crime and accident scenes involving fatalities, it was foreseeable, if not predictable, that some would be tempted to take photos of victims' remains on their cell phones.

35. PLAINTIFFS are informed, believe and thereon allege that, the DEFENDANTS had actual and/or constructive notice that their failure to establish and/or enforce policies and procedures regarding photographs of deceased individuals and/or accident scenes would likely result in violation of constitutional rights, including the PLAINTIFFS' constitutional rights.

36. Plaintiffs are informed, believe and thereon allege that the SHERIFF VILLANUEVA, SHERIFF'S DEPARTMENT and FIRE DEPARTMENT knew that some

9
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

personnel keep "death books" containing photos of victims' remains and that the deputies, officers and personnel taking pictures for non-law-enforcement purposes is a problem "across the nation." SHERIFF VILLANUEVA, SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY were also aware that, on account of the large number of celebrities that live or work in the Los Angeles area, its personnel often work at accident and crime scenes that are the subject of intense public interest. Despite this knowledge and awareness, SHERIFF VILLANUEVA, SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY failed to establish a policy regarding photographs of human remains or to train, supervise, investigate, or discipline Department personnel related to the taking and sharing of photos of human remains for personal, non-law-enforcement purposes.

37. The conduct of the LASD Deputies, LACFD Firefighters and DOE Defendants alleged herein highlights a pattern and practice and/or custom of the SHERIFF'S DEPARTMENT and FIRE DEPARTMENT, as evidenced by the fact that this egregious misconduct was not limited to a lone employee. Plaintiffs are informed, believe and thereon allege that no fewer than eight Sheriff Department deputies, inclduing but not limited to Joey Cruz, Rafael Mejia, Michael Russel and Raul Versales, and curretly unidentified DOE defendants, took photos of the Altobelli Family remains of Alyssa Altobelli, Keri Altobelli and John Altobelli for personal purposes, including firefighters Captain Arlin Kahan, captain Tony Imprenda and Captain Brian Jordan, and currently additional unidentified DOE defendant Fire Department personnel. SHERIFF VILLANUEVA has spent his entire career in law enforcement with the Los Angeles County Sheriff's Department and has publicly stated that he has knowledge of the widespread problem of law enforcement officers taking unnecessary death images.

38. As a direct and proximate result of DEFENDANTS' failure to establish and/or enforce a policy pertaining to photographs of deceased individuals, including failure to adequately train, manage, direct, supervise, investigate or discipline their employees and personnel regarding the taking, sharing, and dissemination of photographs of deceased individuals for personal, non-law-enforcement purposes, PLAINTIFFS have suffered, and continue to suffer, severe emotional distress, humiliation, and anxiety, the exact amount of such damages to be stated according to

proof at the time of trial.

## THIRD CAUSE OF ACTION

**Negligence/Negligence Pursuant to Government Code Sections 815.2 and 820, et seq.**

**(Against SHERIFF VILLANUEVA, SHERIFF'S DEPARTMENT, FIRE DEPARTMENT COUNTY and DOES 1 through 100)**

39. PLAINTIFFS incorporate by reference as fully set forth herein each and every fact, claim and allegation contained in the prior paragraphs.

40. Pursuant to Government Code section 815.2 Defendants SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY are liable for acts and omissions committed by their employees in the scope of their employment. Additionally, pursuant to Government Code section 820(a), public employees, including SHERIFF VILLANUEVA and DOES 1 through 100, are liable for injuries caused by their acts or omissions to the same extent as a private person.

41. PLAINTIFFS are informed, believe, and thereon allege that at all times relevant, pursuant to California Government Code section 815.2, SHERIFF VILLANUEVA and sheriff's deputies Joey Cruz, Rafael Mejia, Michael Russel and Joey Versales ("LASD Deputies"), and firefighters Captain Arlin Kahan, Captain Tony Imbrenda and Captain Brian Jordan (LACFD Firefighters") and DOES 1 through 100, and each of them, ("DOE Defendants") were employed by defendants SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY, and were under Defendant SHERIFF'S DEPARTMENT and FIRE DEPARTMENT's direction and control when they engaged in and/or failed to prevent the taking, sharing, and/or dissemination of photographs of the Altobelli family member remains of Alyssa Altobelli, Keri Altobelli and John Altobelli. The wrongful acts of SHERIFF VILLANUEVA and DOE Defendants were committed within the course and scope of their employment with Defendants SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY.

42. PLAINTIFFS are informed, believe and thereon allege that, Defendants SHERIFF VILLANUEVA, SHERIFF'S DEPARTMENT, FIRE DEPARTMENT,COUNTY, LASD

Deputies, LACFD Firefighters,and DOES 1 through 100, and each of them, ("DEFENDANTS") owed a duty of care to all reasonably foreseeable persons, including PLAINTIFFS, to use ordinary care in the care and treatment of the Altobelli family member remains of Alyssa Altobelli, Keri Altobelli and John Altobelli, including the obligation to refrain from taking and/or sharing images of the Altobelli family member remains of Alyssa Altobelli, Keri Altobelli and John Altobelli for personal, non-law-enforcement purposes.

43. The SHERIFF VILLANUEVA, SHERIFF'S DEPARTMENT, FIRE DEPARTMENT,COUNTY, LASD Deputies, LACFD Firefighters,and DOES 1 through 100, and each of them, owed a duty to PLAINTIFFS to use ordinary care in preventing the dissemination of any unnecessary images of the Altobelli family member remains of Alyssa Altobelli, Keri Altobelli and John Altobelli once the images were created and/or were within their control.

44. The SHERIFF VILLANUEVA, SHERIFF'S DEPARTMENT, FIRE DEPARTMENT,COUNTY, LASD Deputies, LACFD Firefighters,and DOES 1 through 100, and each of them, further owed a duty to PLAINTIFFS to exercise ordinary care in the treatment of the Altobelli family member remains of Alyssa Altobelli, Keri Altobelli and John Altobelli as Defendants SHERIFF'S DEPARTMENT, FIRE DEPARTMENT, and COUNTY routinely undertake the care, custody, and control of human remains at crime and accident scenes, as they did with the Altobelli family member remains of Alyssa Altobelli, Keri Altobelli and John Altobelli at the crash scene.

45. PLAINTIFFS are informed, believe, and thereon allege that SHERIFF VILLANUEVA made representations to the families of the crash victims, including PLAINTIFFS, that defendant SHERIFF'S DEPARTMENT was securing the crash site to ensure privacy, and therefore owed a duty to supervise his personnel to ensure they did not violate the privacy of the victims and the victims' families.

46. PLAINTIFFS are informed, believe, and thereon allege that, SHERIFF VILLANUEVA, SHERIFF'S DEPARTMENT, LASD Deputies, FIRE DEPARTMENT, LACFD Firefighters, COUNTY and DOE Defendants breached their duty of care to PLAINTIFFS by taking and/or sharing and/or disseminating photographs of the Altobelli family member remains of

Alyssa Altobelli, Keri Altobelli and John Altobelli for personal, non-law-enforcement purposes.

47. PLAINTIFFS are informed, believe, and thereon allege that SHERIFF VILLANUEVA breached his duty to PLAINTIFFS by failing to directly or indirectly, or through on-site supervisors, supervise, manage, instruct, and control the conduct of his deputies at the helicopter crash site.

48. PLAINTIFFS are informed, believe, and thereon allege that SHERIFF VILLANUEVA and DOE Defendants in a supervisory capacity in the Sheriff's Department and Fire Department breached their duty of care to PLAINTIFFS by their failure to take reasonable actions to prevent the sharing and/or dissemination of the non-law-enforcement photographic images of the Altobelli family member remains of Alyssa Altobelli, Keri Altobelli and John Altobelli after they were created and in the constructive possession of SHERIFF VILLANUEVA, SHERIFF'S DEPARTMENT, FIRE DEAPRTMENT, COUNTY and DOE Defendants.

49. PLAINTIFFS are informed, believe, and thereon allege that, it was foreseeable to SHERIFF VILLANUEVA, SHERIFF'S DEPARTMENT, FIRE DEAPRTMENT, COUNTY that the taking and sharing of photographs of the Altobelli family member remains of Alyssa Altobelli, Keri Altobelli and John Altobelli, including the failure to prevent the taking, sharing and dissemination of the photographs of the Altobelli family member remains of Alyssa Altobelli, Keri Altobelli and John Altobelli would cause direct injury to the PLAINTIFFS, including the families of all the victims of the crash.

50. As a direct and proximate result of SHERIFF VILLANUEVA, SHERIFF'S DEPARTMENT, LASD Deputies, FIRE DEPARTMENT, LACFD Firefighters, COUNTY and DOE Defendants wrongful conduct, PLAINTIFFS have suffered, and continue to suffer, severe emotional distress, humiliation, and anxiety, the exact amount of such damages to be stated according to proof at the time of trial.

51. PLAINTIFFS are informed, believe, and thereon alleges that SHERIFF VILLANUEVA, SHERIFF'S DEPARTMENT, LASD Deputies, FIRE DEPARTMENT, LACFD Firefighters, COUNTY and DOE Defendants conduct was committed with oppression, fraud, and/or malice within the meaning of California Code of Civil Procedure section 3294, entitling the

13
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

PLAINTIFFS to punitive or exemplary damages in an amount appropriate to punish theDefendants and to make an example of them to the community.

### FOURTH CAUSE OF ACTION

### Invasion of Privacy

### (Against DOES 1 through 100, SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and COUNTY)

52. PLAINTIFFS incorporate by reference as fully set forth herein each and every fact, claim and allegation contained in the prior paragraphs.

53. Pursuant to Government Code section 815.2 Defendants SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY are liable for acts and omissions committed by their employees in the scope of their employment. Additionally, pursuant to Government Code section 820(a), public employees, including SHERIFF VILLANUEVA and DOES 1 through 100, are liable for injuries caused by their acts or omissions to the same extent as a private person.

54. PLAINTIFFS have a privacy interest in the physical remains of their family member Christina Mauser.

55. PLAINTIFFS are informed, believe, and thereon allege that Defendant SHERIFF'S DEPARTMENT deputies Joey Cruz, Rafael Mejia, Michael Russel, and Raul Versales ("LASD Deputies") and Defendant FIRE DEPARTMENT firefighters Captain Arlin Kahan, Captain Tony Imbrenda and Captain Brian Jordan ("LACFD Firefighters"), COUNTY and DOES 1 through 100, and each of them , publicly disclosed, shared and disseminated images of the Altobelli family member remains of Alyssa Altobelli, Keri Altobelli and John Altobelli, both in person and electronically.

56. PLAINTIFFS are informed, believe, and thereon allege that the taking, sharing and/or dissemination of photographs of the Altobelli family member remains of Alyssa Altobelli, Keri Altobelli and John Altobelli for personal, non-law-enforcement purposes, that served no legitimate public purpose, is abhorrent and reprehensible to a reasonable person of ordinary sensibilities.

57. PLAINTIFFS are informed, believe, and thereon allege that the details of the physical state of the Altobelli family member remains of Alyssa Altobelli, Keri Altobelli and John Altobelli were not made public and photos of Alyssa Altobelli, Keri Altobelli and John Altobelli's remains had not been made public. Sharing details and photos of the mutilated remains of Alyssa Altobelli, Keri Altobelli and John Altobelli served no legitimate public purpose.

58. As a direct and proximate result Of Defendant SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and COUNTY'S wrongful conduct, PLAINTIFFS have suffered, and continue to suffer, severe emotional distress, humiliation, and anxiety, the exact amount of such damages to be stated according to proof at the time of trial.

59. PLAINTIFFS are informed, believe, and thereon allege that at all times relevant, pursuant to California Government Code section 815.2, SHERIFF VILLANUEVA, LASD Deputies and LACFD Firefightersand DOES 1 through 100, and each of them, were employed by defendant SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY, and were under Defendant SHERIFF'S DEPARTMENT and FIRE DEPARTMENT's direction and control when they engaged in and/or failed to prevent the taking, sharing, and/or dissemination of photographs of the Altobelli family member remains of Alyssa Altobelli, Keri Altobelli and John Altobelli. The wrongful acts of SHERIFF VILLANUEVA, LASD Deputies, LACFD Firefighters and DOE Defendants were committed within the course and scope of their employment with Defendants SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY, therefore SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY are liable for their employee's wrongful conduct.

60. PLAINTIFFS are informed, believe, and thereon alleges that SHERIFF VILLANUEVA, LASD Deputies, LACFD Firefighters and DOE Defendants' conduct was committed with oppression, fraud, and/or malice within the meaning of California Code of Civil Procedure section 3294, entitling the PLAINTIFFS to punitive or exemplary damages in an amount appropriate to punish the Defendants and to make an example of them to the community.

## FIFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

**(Against DOES 1 through 100, SHERIFF'S DEPARTMENT and COUNTY**

61.     PLAINTIFFS incorporate by reference as fully set forth herein each and every fact, claim and allegation contained in the prior paragraphs.

62.     Pursuant to Government Code section 815.2 Defendants SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY are liable for acts and omissions committed by their employees in the scope of their employment. Additionally, pursuant to Government Code section 820(a), public employees, including SHERIFF VILLANUEVA and DOES 1 through 100, are liable for injuries caused by their acts or omissions to the same extent as a private person.

63.     PLAINTIFFS are informed, believe, and thereon allege that the Defendant SHERIFF'S DEPARTMENT deputies Joey Cruz, Rafael Mejia, Michael Russel and Raul Versales ("LASD Deputies") and Defendant FIRE DEPARTMENT firefighters, Captain Arlin Kahan, Captain Tony Imbrenda and Captain Brian Jordan ("LACFD Firefighters") and DOE Defendants acts of taking, sharing and/or disseminating photographs of the Altobelli family member remains of Alyssa Altobelli, Keri Altobelli and John Altobelli was outrageous conduct. Further, SHERIFF VILLANUEVA, SHERIFF'S DEPARTMENT and FIRE DEPARTMENT's failure to prevent the taking, sharing and/or dissemination of the Altobelli family member remains of Alyssa Altobelli, Keri Altobelli and John Altobelli was outrageous conduct.

64.     PLAINTIFFS are informed, believe, and thereon allege that, the LASD Deputies, LACFD Firefighters and DOE Defendants were aware at the time they took, shared, and/or disseminated photographs of the Altobelli family member remains of Alyssa Altobelli, Keri Altobelli and John Altobelli, that she had surviving family members, including PLAINTIFFS, and with the taking, sharing and/or dissemination of the photos the LASD Deputies, LACFD Firefighters and DOE Defendants intended to cause PLAINTIFFS emotional distress.

65.     PLAINTIFFS are informed, believe, and thereon allege that, SHERIFF VILLANUEVA, SHERIFF'S DEPARTMENT, and FIRE DEPARTMENT's failure to prevent the taking, sharing and/or dissemination of photographs of the Altobelli family member remains of Alyssa Altobelli, Keri Altobelli and John Altobelli was intended to cause the PLAINTIFFS

1  emotional distress, knowing that Alyssa Altobelli, Keri Altobelli and John Altobelli had surviving
2  family members, including PLAINTIFFS.
3        66.     PLAINTIFFS are informed, believe, and thereon allege that, DOE Defendants,
4  SHERIFF VILLANUEVA, SHERIFF'S DEPARTMENT and FIRE DEPARTMENT either
5  engaged in and/or failed to prevent the taking, sharing and/or dissemination of photos of the
6  Altobelli family member remains of Alyssa Altobelli, Keri Altobelli and John Altobelli with the
7  intention of causing or with reckless disregard of the probability of causing, severe emotional
8  distress to the surviving Altobelli family members, including PLAINTIFFS.
9        67.     As a direct and proximate result of Defendants SHERIFF'S DEPARTMENT, FIRE
10 DEPARTMENT and COUNTY's' wrongful conduct, PLAINTIFFS have suffered, and continue to
11 suffer, severe emotional distress, humiliation, and anxiety, the exact amount of such damages to be
12 stated according to proof at the time of trial.
13       68.     PLAINTIFFS are informed, believe, and thereon allege that at all times relevant,
14 pursuant to California Government Code section 815.2, SHERIFF VILLANUEVA, LASD
15 Deputies, LACFD Firefighters and DOE Defendants were employed by defendants SHERIFF'S
16 DEPARTMENT, FIRE DEPARTMENT and the COUNTY, and were under Defendant
17 SHERIFF'S DEPARTMENT and FIRE DEPARTMENT's direction and control when they
18 engaged in and/or failed to prevent the taking, sharing, and/or dissemination of photographs of the
19 Altobelli family member remains of Alyssa Altobelli, Keri Altobelli and John Altobelli. The
20 wrongful acts of SHERIFF VILLANUEVA, LASD Deputies, LACFD Firefighters, and DOE
21 Defendants were committed within the course and scope of their employment with Defendants
22 SHERIFF'S DEPARTMENT, FIRE DEPARTMENT and the COUNTY, therefore SHERIFF'S
23 DEPARTMENT, FIRE DEPARTMENT and the COUNTY are liable for their employee's
24 wrongful conduct.
25       69.     PLAINTIFFS are informed, believe, and thereon alleges that SHERIFF
26 VILLANUEVA, LASD deputies, LACFD Firefighters, and DOE Defendants' conduct was
27 committed with oppression, fraud, and/or malice within the meaning of California Code of Civil
28 Procedure section 3294, entitling the PLAINTIFFS to punitive or exemplary damages in an

amount appropriate to punish the Defendants and to make an example of them to the community.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs JOHN JAMES ALTOBELLI and ALEXIS ALTOBELLI, respectfully pray for the following relief against COUNTY OF LOS ANGELES, LOS ANGELES COUNTY FIRE DEPARTMENT, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, ALEX VILLANUEVA and DOES 1 through 100, as follows:

1. For compensatory damages in an amount to be proven at trial;
2. For additional general, specific, consequential, or incidental damages in an amount to be proven at trial;
3. For punitive damages in an amount appropriate to punish defendants Alex Villanueva and DOES 1 through 100;
4. For nominal damages;
5. For costs of suit incurred herein, including attorneys' fees, according to proof;
6. For pre-judgment and pre-trial interest, according to proof;
7. For such other and further relief as this Court may deem just and proper.

DATED: May 7, 2021                    PANISH SHEA & BOYLE LLP

By: _____
Brian J. Panish
Kevin R. Boyle
Spencer R. Lucas
Attorneys for PLAINTIFFS

---

18
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Plaintiffs JOHN JAMES ALTOBELLI and ALEXIS ALTOBELLI demand a trial by jury as to all the causes of action.

DATED: May 7, 2021        PANISH SHEA & BOYLE LLP

By: _____
Brian J. Panish
Kevin R. Boyle
Spencer R. Lucas
Attorneys for PLAINTIFFS